UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JEREMY JOOST** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-1172** |
| **AMERICAN COMMERCIAL BARGE LINE LLC** | **SECTION "L" (3)** |

## ORDER AND REASONS

Before the Court is Defendant's motion to dismiss or transfer venue. R. Doc. 5. Plaintiff opposes. R. Doc. 8. Having considered the parties' briefs and the applicable law, the Court now issues this Order and Reasons.

### I. BACKGROUND

This case arises out of injuries allegedly sustained by Plaintiff Jeremy Joost in the course of his employment with American Commercial Barge Line LLC ("ACBL"). As an engineer-in-training aboard the M/V MARK STAAB, Plaintiff spent "a number of weeks" "repairing the three barrel system that breaks down everything that goes through the toilets on the vessel like a septic tank." R. Doc. 1 at 2. Plaintiff alleges that he was continuously exposed to contaminated water during this time, and was ultimately diagnosed with necrotizing fasciitis – a flesh-eating infection – as a result. He now brings claims of unseaworthiness, maintenance and cure, and Jones Acct negligence against ACBL.

### II. PRESENT MOTION

ACBL moves the Court to dismiss this case without prejudice for improper venue under Federal Rule of Civil Procedure 12(b)(3) or, alternatively, to transfer this case to the United States District Court for the Southern District of Indiana, New Albany Division. After his alleged injury,

1

Plaintiff applied for paid leave under ACBL's Pay Continuation Plan (an optional program that allows employees to receive short-term pay continuance while on approved medical leave). He signed a "Pay Continuance Form," which contains the following forum selection clause:

> I further agree that in the event I file a claim or lawsuit against ACBL relating to the pay continuance program and/or the incident giving rise to the illness and/or injury that is the subject of my leave of absence from work, such suit will only be filed in the U.S. District Court for the Southern District of Indiana, New Albany Division and I will make no effort to have such lawsuit or claim transferred or moved to any other court.

R. Doc. 5-2 at 4. Plaintiff's application was approved by ACBL in March 2016, and he received pay continuance benefits for a total of 26 weeks.

Accordingly, ACBL asks the Court to dismiss or transfer this action to the designated forum. Plaintiff seeks to avoid enforcement of the forum selection clause, and argues that (1) it was obtained as a result of overreaching, and (2) enforcement would contravene a strong public policy of the forum state.

### III. LAW AND ANALYSIS

Federal Rule of Civil Procedure 12(b)(3) authorizes dismissal "only when venue is 'wrong' or 'improper' in the forum in which it was brought." *Atlantic Marine Construction Company, Inc. v. United States District Court for the Western District of Texas*, 571 U.S. 49. 55 (2013). "Whether venue is 'wrong' or 'improper' depends exclusively on whether the court in which the case was brought satisfies the requirements of federal venue laws," and a forum selection clause has no bearing on this analysis. *Id.*

Because the forum selection clause does not render venue in this Court "wrong" or "improper" under Rule 12(b)(3), "the proper mechanism for enforcing [it] is a motion to transfer venue under 28 U.S.C. § 1404(a). *Weber v. PACTR XPP Technologies, AG*, 811 F.3d 758, 766 (5th Cir. 2016) (citing *Atlantic Marine*). § 1404(a) allows a court to transfer a case to another

2

district "for the convenience of the parties and witnesses, and in the interest of justice." In the typical case, the court "must determine whether there is an adequate alternative forum and, if so, decide which forum is best-suited to the litigation by considering a variety of private- and public-interest factors and giving deference to the plaintiff's choice of forum." *Barnett v. DynCorp Int'l, L.L.C.*, 831 F.3d 296, 300 (5th Cir. 2016).[1]

A valid and enforceable forum selection clause, however, alters the § 1404(a) analysis in two important ways: (1) "the plaintiff's choice of forum merits no weight," and (2) the court "must deem the private-interest factors to weigh entirely in favor of the preselected forum" and "may consider arguments about public-interest factors only." *Atlantic Marine*, 571 U.S. at 64. Because the public-interest factors "will rarely defeat a transfer motion, the practical result is that forum-selection clauses should control except in unusual cases." *Id.* Indeed, forum selection clauses are "given controlling weight in all but the most exceptional cases," *Stewart Org. Inc. v. Ricoh Corp.*, 487 U.S. 22 (1988), and "[o]nly under extraordinary circumstances unrelated to the convenience of the parties should a § 1404(a) motion be denied." *Atlantic Marine*, 571 U.S. at 64.

*I.*

Plaintiff contends the forum selection clause at issue here is unenforceable. Forum selection clauses "are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." *Barnett*, 831 F.3d at 302 (quoting

---

[1] Private-interest factors include: "relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981). Public-interest factors include "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law." *Id.*

3

*Int'l Software Sys., Inc. v. Amplicon, Inc.*, 77 F.3d 112, 115 (5th Cir. 1996)). A clause may be unreasonable where:

> (1) the incorporation of the forum selection clause into the agreement was the product of fraud or overreaching; (2) the party seeking to escape enforcement will for all practical purposes be deprived of his day in court because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law will deprive the plaintiff of the remedy; or (4) enforcement of the forum selection clause would contravene a strong public policy of the forum state.

*Id.* (quoting *Haynsworth v. The Corp.*, 121 F.3d 956, 963 (5th Cir. 1997)). Here, Plaintiff argues that (1) the forum selection clause was the product of overreaching, and (2) enforcement would contravene the strong policy and duty of this Court to protect the rights of seamen.

Plaintiff first argues the clause was the product of overreaching because he believed "that he had no alternative but to sign the forms in order to receive short-term disability benefits while he was unable to work due to his condition and hospitalization." R. Doc. 8 at 7. Three sections of this Court have, under substantially similar facts, considered the exact same ACBL Pay Continuance Form, containing the exact same forum selection clause, and rejected this argument. *See Girdler v. American Commercial Barge Line, LLC*, No. 17-6593, 2017 WL 6451750 (E.D. La. 2017); *Brister v. ABCL Operations, LLC*, No. 17-6035, 2018 WL 746390 (E.D. La. 2018); *Williams v. American Commercial Barge Line*, No. 18-2008 (E.D. La. 2018). For example, in *Girdler*, the injured seaman argued that he was not adequately put on notice of the clause, and that it was "fundamentally unfair" because "having been injured and then unable to work as a result, [he] was in a state of hardship and needed the pay continuation in order to be able to pay his bills." *Girdler*, No. 17-6593, 2017 WL 6451750, R. Doc. 12 at 6. Similarly, the plaintiff in *Brister* argued that the same clause was "hidden in fine print" and he "was never advised of the forum selection clause by [ACBL], was not advised of the forum selection clause in the letter instructing him to sign it to receive benefits, and had not contacted a lawyer and was unrepresented at the time he

4

signed the forms." No. 17-6035, 2018 WL 746390, at *3. Finally, the *Williams* plaintiff broadly averred that "ACBL capitalizes on disabled and/or ill seamen who realistically cannot reject the contract with impunity because they are unable to work, and in all likelihood face significant financial hardships necessitating the Pay Continuance." No. 18-2008, R. Doc. 7 at 14. Each court noted that the clause was "prominently featured" directly above the plaintiff's signature, rejected the arguments of overreaching, and transferred the case to the Southern District of Indiana.

Plaintiff's arguments do not materially differ from those already rejected by three sections of this Court. Plaintiff contends, though, that his case is distinguishable because of the circumstances under which he signed the Pay Continuance Form – while "he was confined in a hospital bed and imbued with narcotic pain medication after just having emerged from a near-death experience." R. Doc. 8 at 8. However, *Girdler, Brister,* and *Williams* each involved a seaman that signed the exact Pay Continuance Form shortly following a serious injury, accepted the benefits of the plan, and later argued lack of notice of the clause. There are no significant facts or circumstances which differentiate Plaintiff from the plaintiffs in *Girdler, Brister,* and *Williams*.

Notably, Plaintiff availed himself of the benefits of the pay continuance program, which were not otherwise owed to him – he received and accepted $684.13 per week for 26 weeks. Courts in this district have upheld the validity of substantially similar forum selection clauses in post-injury agreements where, as here, the plaintiff received benefits he was otherwise not entitled to:

> This Court takes particular notice that Plaintiff availed himself of these optional post-injury benefits and that he was not required to do so. In consideration of these benefits, Plaintiff agreed that if he filed suit for the injuries at issue, he would do so in the agreed upon forum. This agreement represents a valid bargained for exchange: Plaintiff received benefits he was not otherwise entitled to, and in turn, agreed to limit himself regarding choice of forum. Therefore, this Court finds that the subject forum selection clause is not the product of fraud or overreaching.

*Taylor v. Teco Barge Line, Inc.*, 2008 U.S. Dist. LEXIS 10407, at *28 (E.D. La. 2008).

Plaintiff signed the Pay Continuance Form and availed himself of the benefits of ACBL's pay continuance program, which were not otherwise owed to him. The unambiguous clause explicitly states that "suit will only be filed in the U.S. District Court for the Southern District of Indiana, New Albany Division." Like *Girdler*, *Brister*, and *Williams*, the Court declines to find that the forum selection clause agreed by Plaintiff after his alleged injury in consideration of optional post-injury benefit payments was the product of fraud or overreaching.

Plaintiff next avers that enforcement of the forum selection clause would "contravene the hallowed public policy of this Court to jealously protect the rights of seamen" like him. R. Doc. 8 at 11. He asks the Court to apply the heightened scrutiny associated with a seaman's release, because the clause "constituted a release of a legal right … even if it was a 'procedural right' as opposed to a 'substantive right.'" *Id.* at 9.

The Court is mindful that "[s]eamen are wards of admiralty law, whose rights federal courts are duty-bound to jealously protect." *Bass v. Phoenix Seadrill/78, Ltd.*, 749 F.2d 1154, 1160-61 (5th Cir. 1985). To that end, "the Supreme Court has emphasized that a seaman's release or settlement of his rights must be carefully scrutinized." *Castillo v. Spiliada Maritime Corp.*, 937 F.2d 240, 244 (5th Cir. 1991). But optional post-injury benefits agreements with forum selection clauses like the one Plaintiff challenges here do not constitute a "release." *See, e.g., Smith v. Teco Ocean Shipping*, 2004 WL 1638111, at *2 (E.D. La. 2004) ("Plaintiff considers the VWCP forum selection clause a 'release' within the meaning of *Garrett v. Moore-McCormack Co.* and *Castillo v. Spiliada Mar Corp.* However, these cases are materially distinguishable and have no application here. *Garrett* and *Castillo* dealt only with a seaman's release and waiver of substantive rights of recovery against his employer. Here, the forum selection clause at issue has no effect upon plaintiff's substantive rights."); *Belloza v. Chios Sky Shipping & Trading, S.A.*, 1999 WL 694020,

6

at *2 (E.D. La. 1999) (Plaintiff "mischaracterizes the effect of the forum selection clause when he states that it amounts to a 'release' of his legal rights … [plaintiff] merely agreed to litigate his claim in a particular forum; he has not relinquished any substantive rights."); *Taylor*, 2008 U.S. Dist. LEXIS 10407, at *30 ("Plaintiff also has not relinquished his rights in the VWCP Application, instead simply agreeing to another forum within the United States judicial system, and therefore his 'substantive rights' are unaffected here.").

Here, Plaintiff elected to participate in ACBL's Pay Continuance Program and availed himself of those benefits. In exchange, he agreed to file any lawsuit arising out of his alleged injury in the Southern District of Indiana. The Pay Continuance Form does not constitute a release of his protective rights as a seaman or his ability to sue ACBL. And although federal courts are duty-bound to protect seamen, they "routinely hold that forum selection clauses apply in analogous situations." *Brister*, No. 17-6035, 2018 WL 746390, at *4. *See also Taylor*, 2008 U.S. Dist. LEXIS 10407, at *30 (Rejecting argument that forum selection clause in post-injury pay application was "invalid and unenforceable because it violates the strong public policy of protecting seamen"); *Girdler*, No. 17-6593, 2017 WL 6451750, at *3; *Smith*, 2004 WL 1638111, at *2. Accordingly, Plaintiff has not overcome the presumption that the forum selection clause is enforceable.

*II.*

Like *Girdler*, *Brister*, and *Williams*, Plaintiff has not overcome the presumption that the forum selection clause here is enforceable. Under the guidance of *Atlantic Marine*, in determining whether to transfer this action, the Court gives no weight to Plaintiff's choice of the current forum and may consider only the public-interest factors: "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law." *Atlantic*

7

*Marine*, 571 U.S. at 63 n.6. "These factors justify a refusal to enforce a forum-selection clause only in 'truly exceptional cases.'" *Barnett*, 831 F.3d at 309. Plaintiff does not address these factors and, as a result, he has not met the "high burden of persuasion … to avoid enforcement of [the] forum selection clause." *Weber*, 811 F.3d at 776.

**IV.    Conclusion**

For these reasons, ACBL's motion to transfer venue is **GRANTED**. This matter is **TRANSFERRED** to the U.S. District Court for the Southern District of Indiana, New Albany Division, pursuant to 28 U.S.C. § 1404(a).

New Orleans, Louisiana, on this 8th day of April, 2019.

                                                                                          _____
                                                                                          **ELDON E. FALLON**
                                                                                          United States District Judge